IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Yvonne Williams, | ) | CASE NO.: 4:24-cv-06404-JD |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| United States Office of Personnel Management and Charles Ezell in his Official Capacity as Acting Director of the United States Office of Personnel Management, | ) ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) ) | |

This action arises from a dispute concerning Plaintiff's federal retirement benefits. Defendants, the United States Office of Personnel Management ("OPM") and Charles Ezell, in his official capacity as Acting Director of OPM (collectively, "Defendants"), move to dismiss Plaintiff Yvonne Williams's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction under the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1101 et seq. (DE 14). Plaintiff filed a memorandum in opposition (DE 17), and Defendants filed a reply (DE 18).

Construing Defendants' motion as a facial challenge to subject-matter jurisdiction and accepting the factual allegations of the Complaint as true, the Court concludes that Congress has vested exclusive jurisdiction over Plaintiff's claims in an administrative review scheme culminating in the United States Court of Appeals for

1

the Federal Circuit. Accordingly, the Court lacks subject-matter jurisdiction and grants Defendants' motion to dismiss (DE 14).

## I. BACKGROUND

### A. Factual Background

Plaintiff Yvonne Williams is a former federal employee who was employed by the United States Patent and Trademark Office in Alexandria, Virginia. (DE 1 ¶ 7.) According to the Complaint, Plaintiff's personnel records reflected that she was covered under the Civil Service Retirement System ("CSRS") during her federal employment. (DE 1 ¶ 10.) Plaintiff alleges that, upon her retirement, the Office of Personnel Management ("OPM") instead placed her in the Federal Employees' Retirement System ("FERS"). (DE 1 ¶ 11.)

Plaintiff further alleges that OPM's actions resulted in the erroneous removal of approximately thirteen years of her federal service from her retirement calculation. (*Id.* ¶ 12.) As a consequence of this alleged misclassification and miscalculation, Plaintiff contends that monies were improperly withheld from her retirement disbursements. (*Id.* ¶ 13.)

The Complaint asserts that OPM has a duty to correct erroneous retirement coverage and benefits determinations pursuant to the Federal Erroneous Retirement Coverage Corrections Act. (*Id.* ¶¶ 15–16.) Plaintiff alleges that she made repeated attempts to contact OPM to request correction of her retirement coverage, restoration of her years of service, and reimbursement of withheld funds, but that OPM failed to respond to those requests. (*Id.* ¶¶ 17–18.)

Plaintiff alleges that as a result of Defendants' failure to correct the asserted errors, she has suffered and continues to suffer financial harm. (DE 1 ¶ 19.) Based on these allegations, Plaintiff seeks injunctive relief requiring Defendants to correct her retirement plan designation, reinstate her years of service, and disburse allegedly withheld retirement funds. (DE 1 at 3–4.) Plaintiff also seeks damages, attorney's fees, costs, and such other relief as the Court deems appropriate. (DE 1 at 4.)

**B.     Procedural Background**

Plaintiff initiated this action on November 12, 2024, by filing a Complaint against the United States Office of Personnel Management and the Acting Director of OPM in his official capacity. (DE 1.) Plaintiff invoked federal jurisdiction and demanded a jury trial. (*Id.*)

Following the filing of the Complaint, Plaintiff sought and obtained multiple extensions of time to effect service of process. (DE 5; DE 6; DE 8; DE 9.) Defendants ultimately appeared in the action and were granted an extension of time to respond to the Complaint. (DE 12; DE 13.)

On June 12, 2025, Defendants filed the pending Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that the Court lacks subject-matter jurisdiction under the Civil Service Reform Act and that Plaintiff failed to exhaust administrative remedies. (DE 14.) Plaintiff filed a memorandum in opposition on July 10, 2025. (DE 17.) Defendants filed a reply on July 16, 2025. (DE 18.)

The Motion to Dismiss is fully briefed and ripe for disposition. (DE 19.)

## II. LEGAL STANDARD

Rule 12(b)(1), Fed. R. Civ. P., permits a pre-answer motion that raises a "defense to a claim for relief" for "lack of subject-matter jurisdiction[.]" Therein, "a defendant may challenge subject matter jurisdiction in one of two ways." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). "First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). This is referred to as a "facial" attack because "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *Evans v. United States*, 105 F.4th 606, 615 (4th Cir. 2024) (noting that "the Rule 12(b)(1) and Rule 12(b)(6) analyses are materially identical in this scenario").

"Second, it may be contended that the jurisdictional allegations of the complaint were not true." *Adams*, 697 F.2d at 1219. In that case, "the district court need not assume the truth of the allegations, may decide disputed issues of fact, and may venture outside of the pleadings to resolve the challenge." *Evans*, 105 F.4th at 615. "The plaintiff in this latter situation is afforded less procedural protection[,]" and the district court must typically hold a hearing on the issue of subject-matter jurisdiction. *Kerns*, 585 F.3d at 192.

When a facial attack is before the court, the Rule 12(b)(6) standard applies to the plaintiff's allegations: namely, that "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In

addition, the Court "may consider documents attached to the complaint, . . . , as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). "[A] document is 'integral to the complaint' 'where the complaint relies heavily upon its terms and effect[.]'" *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (quoting another source).

### III.  DISCUSSION

**A.  The CSRA and FERS Establish an Exclusive Review Scheme for Federal Retirement Benefits Claims**

Defendants contend that this Court lacks subject-matter jurisdiction because Plaintiff's claims fall squarely within the comprehensive administrative and judicial review scheme established by the CSRA and the federal retirement statutes it incorporates. (DE 14 at 6–12.) The Court agrees.

Congress enacted the CSRA to create a "comprehensive system for reviewing personnel action taken against federal employees." *United States v. Fausto*, 484 U.S. 439, 455 (1988). As part of that system, Congress vested the Office of Personnel Management with authority to administer and adjudicate claims arising under the Civil Service Retirement System ("CSRS") and the Federal Employees' Retirement System ("FERS"). *See* 5 U.S.C. §§ 8347(b), 8461(c). An individual dissatisfied with OPM's final determination may seek administrative review before the Merit Systems Protection Board ("MSPB"), and judicial review of a final MSPB decision lies exclusively in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A); 28 U.S.C. § 1295(a)(9).

The Supreme Court has repeatedly recognized that this statutory framework reflects Congress's intent to channel federal employment and retirement disputes through a single, exclusive review process. *See Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 775–76 (1985); *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207–09 (1994). Where Congress has established such a scheme, district courts lack jurisdiction to entertain claims that are "of the type Congress intended to be reviewed within this statutory structure." *Thunder Basin Coal Co. v. Reich*, 510 U.S. at 212.

The Supreme Court has made clear that Congress's decision to channel review through the CSRA applies even where a plaintiff frames her claims as constitutional, statutory, or equitable challenges. *See Elgin v. Dep't of Treasury*, 567 U.S. 1 (2012). Under *Elgin* and *Thunder Basin Coal Co.*, district court jurisdiction is precluded where it is fairly discernible that Congress intended to channel review through an administrative scheme that provides meaningful judicial review, where the claims are not wholly collateral to that scheme, and where the claims fall within the agency's expertise. *Elgin v. Dep't of Treasury*, 567 U.S. at 11–23; *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200.

Plaintiff's claims satisfy each of these criteria. Challenges to the classification and calculation of federal retirement benefits may be meaningfully reviewed through OPM, the MSPB, and ultimately the Federal Circuit; they are not collateral to the CSRA framework; and they implicate matters squarely within the expertise of OPM and the MSPB. Accordingly, the CSRA's jurisdiction-channeling provisions apply regardless of the manner in which Plaintiff styles her claims.

Courts have consistently applied this principle to claims challenging the calculation, classification, or payment of federal retirement benefits. *See*, e.g., *Fed. Law Enf't Officers Ass'n v. Ahuja*, 62 F.4th 551, 554–56 (D.C. Cir. 2023); *Grosdidier v. Chairman, Broad. Bd. of Governors*, 560 F.3d 495, 497–99 (D.C. Cir. 2009). This Court has likewise held that district courts lack jurisdiction to review OPM retirement determinations, even when plaintiffs frame their claims as statutory, equitable, or constitutional challenges. *Lee v. Cobert*, 2015 WL 12658463, at *3 (D.S.C. Nov. 24, 2015), report and recommendation adopted, 2016 WL 5933914 (D.S.C. Oct. 12, 2016).

### B. Plaintiff's Claims Fall Squarely Within the Exclusive Statutory Scheme

Accepting the allegations of the Complaint as true, Plaintiff alleges that OPM improperly classified her retirement coverage, incorrectly calculated her years of service, and wrongfully withheld retirement benefits. (DE 1 ¶¶ 10–13.) She seeks injunctive relief requiring OPM to correct her retirement plan designation, restore years of service, and disburse allegedly withheld benefits, as well as monetary damages. (DE 1 at 3–4.)

These allegations directly challenge OPM's administration and calculation of Plaintiff's federal retirement benefits. Regardless of how Plaintiff characterizes her claims, the relief she seeks would require review and correction of OPM's retirement determinations—matters Congress has committed, in the first instance, to OPM, with appellate review by the MSPB and the Federal Circuit. *See Fed. Law Enf't Officers Ass'n v. Ahuja*, 62 F.4th at 555 ("As a general matter, the CSRA and FERS preclude

7

district court review of challenges to federal employee retirement benefits determinations.").

The Court's conclusion is consistent with the Fourth Circuit's recent decision in *National Association of Immigration Judges v. Owen*, 139 F.4th 293 (4th Cir. 2025). There, the court reaffirmed that the CSRA generally strips district courts of jurisdiction over covered personnel actions, including constitutional challenges. *National Association of Immigration Judges v. Owen*, 139 F.4th 293. The limited remand ordered in *Owen* was based on concerns regarding the temporary non-functionality of the CSRA's adjudicatory bodies, not on any narrowing of the CSRA's jurisdiction-channeling provisions. *Id.* at 303–04. Plaintiff has not alleged, nor does the record suggest, that the CSRA review scheme is unavailable or nonfunctional here.

Plaintiff argues that dismissal is improper at this stage and alternatively requests that the Court stay the proceedings to allow exhaustion of administrative remedies. (DE 17 at 3.) However, Plaintiff does not dispute that she has not received a final decision from OPM or pursued review before the MSPB. Nor does she identify any statutory provision conferring jurisdiction on this Court to adjudicate her claims in the first instance.[1]

---

[1] Although Defendants also argue that Plaintiff failed to exhaust administrative remedies, the Court's conclusion does not rest solely on exhaustion. Where, as here, Congress has vested exclusive initial review in an administrative forum, a district court lacks subject-matter jurisdiction even if exhaustion were complete. *See Zachariasiewicz v. U.S. Dep't of Justice*, 48 F.4th 237, 244–46 (4th Cir. 2022). Plaintiff's claims are of the type Congress committed in the first instance to OPM and the MSPB, and this Court, therefore, lacks jurisdiction irrespective of whether Plaintiff has pursued administrative review.

Where, as here, Congress has withdrawn district court jurisdiction entirely, a court may not retain or stay the action pending exhaustion. *See Robles v. Beaufort Mem'l Hosp.*, 482 F. Supp. 2d 700, 706 (D.S.C. 2007) ("Despite Plaintiff's suggestion, this court cannot stay Plaintiff's case pending exhaustion of her administrative remedies."). Courts addressing materially similar challenges to federal retirement benefit determinations have likewise concluded that district courts lack jurisdiction to review or correct OPM retirement calculations. *See*, e.g., *Sherman v. United States*, 139 Fed. Cl. 640, 646–48 (2018). Because Plaintiff's claims are subject to an exclusive review scheme that does not include initial review in district court, this Court lacks authority to entertain the action or to hold it in abeyance.

### C.     The Court Lacks Subject-Matter Jurisdiction

In sum, Plaintiff's claims challenge the classification and calculation of federal retirement benefits administered by OPM. Congress has expressly channeled such claims through an exclusive administrative and judicial review process culminating in the Federal Circuit. This statutory scheme deprives this Court of subject-matter jurisdiction over Plaintiff's Complaint.

Accordingly, Defendants' Motion to Dismiss for lack of subject-matter jurisdiction must be granted. Because the Court lacks jurisdiction, it does not reach Defendants' alternative arguments under Rule 12(b)(6).

### IV.     CONCLUSION

For these reasons, the Court concludes that it lacks subject-matter jurisdiction over Plaintiff's claims. Congress has vested exclusive authority to adjudicate federal retirement benefits disputes in an administrative review scheme culminating in

judicial review by the United States Court of Appeals for the Federal Circuit. Accordingly, Defendants' Motion to Dismiss (DE 14) is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

    **IT IS SO ORDERED**.

                                                Joseph Dawson, III
                                                United States District Judge

Florence, South Carolina
January 16, 2026